

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

XXXX~~BURINXIIBXNXBUOBICXIDX~~
ATTORNEY GENERAL

Honorable H. W. Allen
District Attorney
Hamilton, Texas

Dear Sir:

Opinion No. O-3010
Re: Sheriff's mileage fee or actual
costs in returning a prisoner under a
felony indictment who has escaped
(under sections 1 and 6 of Article 1030
of Article 1037, C.C.P.)

Your request for the opinion of this department on the questions herein stated has been received and carefully considered. We quote from your letter as follows:

"(1) Is a sheriff entitled to compensation under Sec. 1, Art. 1030, C.C.P., for mileage traveled in arresting a defendant under a felony indictment who had previously been in custody under a Justice Court complaint charging him with such felony and escaped from jail while being so held?

"(2) In the event the provisions of Art. 1030, Sec. 1, CCP do not apply to the foregoing facts, would such officer be entitled to compensation under Sec. 6, Art. 1030 aforesaid as being 'service of criminal process not otherwise provided for.'

"(3) In the event you answer the foregoing questions in the negative, would the county be liable for the actual cost of returning an escapee under Art. 1037, CCP, providing that the county is liable for the cost of 'safekeeping' prisoners?"

Article 1030, Code of Criminal Procedure, provides as follows: Secs. 1 and 6:
"Section 1. For executing each warrant of arrest or capias, or for making arrest without warrant, when authorized by law, the sum of one dollar; and five cents for each mile actually and necessarily traveled in going to place of arrest, and for conveying the prisoner or prisoners to jail, mileage, as provided for in subdivision 4 shall be allowed; provided, that in counties that in counties that have a population of less than forty thousand inhabitants, as shown by the preceding Federal census, the following fees shall apply: For executing each warrant of arrest or capias, or for making arrest without warrant, when authorized by law, three dollars and fifteen cents for each mile actually and necessarily traveled in going to place of arrest, and for conveying prisoners to jail, mileage as provided for in subdivision 4 shall be allowed; and one dollar shall be allowed for

the approval of a bond."

"Sec. 6. To officers for service of criminal process not otherwise provided for, the sum of five cents a mile going and returning, shall be allowed; provided, if two or more persons are mentioned in the same or different writs, the rules prescribed in subdivision 5 shall apply; provided, that in counties that have a population of less than forty thousand inhabitants, as shown by the preceding Federal census, the following fees shall apply: To officers for service of criminal process not otherwise provided for, the sum of ten cents a mile going and returning shall be allowed; provided, if two or more persons are mentioned in the same or different writs, the rule prescribed in subdivision 5 shall apply."

Vernon's Annotated Code of Criminal Procedure, Article 1020, as amended, reads in part as follows:

"Sheriffs and Constables serving process and attending any examining court in the examination of any felony case, shall be entitled to such fees as are fixed by law for similar services in misdemeanor cases in County Court to be paid by the State, not to exceed Four and No/100 ($4.00) Dollars in any one case, and mileage actually and necessarily traveled in going to the place of arrest, and for conveying the prisoner or prisoners to jail as provided in Articles 1029 and 1030, Code of Criminal Procedure, as the facts may be, but no mileage whatever shall be paid for summoning or attaching witnesses in the county where the case is pending. Provided no sheriff or constable shall receive from the State any additional mileage for any subsequent arrest of a defendant in the same case, or in any other case in an examining court or in any district court based upon the same charge or the same criminal act, or growing out of the same criminal transaction, whether the arrest is made with or without a warrant, or before or after indictment, and in no event shall he ne allowed to duplicate his fees for mileage for making arrests, with or without warrant, or when two or more warrants of arrest or caplases are served or could have been served on the defendant on any one day."

Article 233, Code of Criminal Procedure, directs the officer executing a warrant of arrest to take the person arrested forthwith before the magistrate who issued the warrant, or before the magistrate named in the warrant. Chapters 3 and 4, Title 5, Code of Criminal Procedure, provide the procedure to be followed, following the action directed by said Article 233. The magistrate shall proceed to hold an examining trial (Article 245) or the accused waived the same (Article 299). After an examining trial has been held, the magistrate makes the proper order thereon (Article 261); if waived, requires bail (Article 299).

From the facts, stated generally in your letter, we conclude that the defendant was committed to jail by the "proper order" of the magistrate under the procedure referred to in the preceding paragraph, and, while so held in custody by the sheriff awaiting the action of the grand jury, he escaped.

Hon. H. W. Allen, page 3 (O-3010)

Article 42, Code of Criminal Procedure, provides as follows:

"Art. 42. When a prisoner is committed to jail by warrant from a magistrate or court, he shall be placed in jail by the sheriff. It is a violation of duty on the part of any sheriff to permit a defendant so committed to remain out of jail, except that he may, when a defendant is committed for want of bail, or when he arrests in a bailable case, give the person arrested a reasonable time to procure bail; but, he shall so guard the accused as to prevent escape."

Article 265, Code of Criminal Procedure, provides as follows:

"Art. 265. Every sheriff shall keep safely a person committed to his custody. He shall use no cruel or unusual means to secure this end, but shall adopt all necessary measures to prevent the escape of a prisoner. He may summon a guard of sufficient number, in case it becomes necessary to prevent an escape from jail, or the rescue of a prisoner."

Article 5116 of the Revised Civil Statutes of 1925 provides as follows:

"Art. 5116. Each sheriff is the keeper of the jail of his county. He shall safely keep therein all prisoners committed thereto by lawful authority, subject to the order of the proper court, and shall be responsible for the safe keeping of such prisoners. The sheriff may appoint a jailer to take charge of the jail, and supply the wants of those therein confined; but in all cases the sheriff shall exercise a supervision and control over the jail."

Vernon's Annotated Civil Statutes, Article 6871, as amended in 1939, provides in part as follows:

"Art. 6871. Whenever in any county it becomes necessary to employ guards for the safekeeping of prisoners and the security of jails, the Sheriff,may, with the approval of the Commissioners' Court, or in case of emergency, with the approval of the County Judge, employ such number of guards as may be necessary; and his account therefor, duly itemized and sworn to, shall be alloqed by said Court, and paid out of the County Treasury. . . ."

From the hereinabove quoted provisions of the Code of Criminal Procedure and the Revised Civil Statutes, it is readily apparent that the Legislature intended that the sheriff be held strictly accountable for the safe keeping or prisoners legally committed to his custody. Moreover, the Penal Code makes a sheriff criminally liable for wilfully permitting an accused or convicted person to escape (Article 319) and for negligently permitting such a person to escape (Article 322).

The re-arresting of a defendant who has escaped from the sheriff's custody is not the "service of criminal process not otherwise provided for" within Article 1030, Section 6 of the Code of Criminal Procedure, supra. Such a service amounts to nothing more than a "subsequent arrest of a defendant in the same case," as provided in Article 1020, Code of Criminal Procedure, supra, for which a sheriff is expressly prohibited from receiving additional mileage.

It is therefore the opinion of this department that neither section 1 nor section 6 of Article 1030, Code of Criminal Procedure, entitles the sheriff to compensation from the State, for mileage traveled in arresting a defendant under a felony indictment who had previously been in custody under a justice court complaint charging him with such felony and escaped from jail while being so held.

Article 1037, Code of Criminal Procedure, provides as follows:

"Art. 1037. Each county shall be liable for all expenses incurred on account of the safe keeping of prisoners confined in jail or kept under guard, except prisoners brought from another county for safekeeping, or on habeas corpus or change of venue; in which cases, the county from which the prisoner is brought shall be liable for the expense of his safe keeping."

We believe that the liability of the county, under the article quoted, is restricted to those expenses incurred by the sheriff in availing himself of the authority and power given him to use all necessary measures to prevent the escape of a prisoner (Article 265, C.C.P.), and to employ guards for the safe keeping of prisoners when necessary (Article 6871, as amended in 1939, supra). To construe Article 1037, Code of Criminal Procedure, supra, as rendering the county liable to the sheriff for mileage traveled in returning an escaped prisoner, would be tantamount to holding that the words "liable for all expense incurred on account of the safe keeping of prisoners" mean the same as liable for all expenses on account of not keeping prisoners safely.

To hold the sheriff absolutely responsible for the safe keeping of prisoners in his custody, as is made his duty under the laws of this State, is a public policy necessary to the enforcement of the State laws. To aid the sheriff in the practical performance of that solemn duty, he has been given almost unlimited authority to incur expenses to keep his prisoners safely. If he fails to avail himself of these measures and the prisoner makes his escape, the sheriff must assume the responsibility and the costs of his return.

It is accordingly the further opinion of this department that, under the facts stated, Article 1037, Code of Criminal Procedure, does not render the county liable for the actual costs of returning the escaped prisoner, since such costs are not a part of the "expense incurred on account of the safe keeping of prisoners" contemplated by said statute.

You are therefore respectfully advised that each of the three questions submitted should be answered in the negative.

EP:RS:egw
APPROVED MAR 13, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
B W B CHAIRMAN

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Edgar Pfeil
Edgar Pfeil
Assistant